IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LEVI LLOYD HARVEY,

                    Plaintiff,

          v.                         CASE NO.  11-3138-SAC

(fnu) Johnson, Deputy,
Butler County Detention,
et al.,

                    Defendants.

                    O R D E R

     This civil complaint, 42 U.S.C. § 1983, was filed pro se by
a state prisoner currently confined at the Hutchinson Correctional
Facility, Hutchinson, Kansas.


**FILING FEE**

     The fee for filing this civil action is $350.00.  Plaintiff
has not paid the fee.  Nor has he filed a complete Application to
Proceed Without Prepayment of Fees, that includes his affidavit, on
court-approved forms.[1]  Mr. Harvey has previously been forewarned
that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed
without prepayment of fees does not relieve him of the obligation
to pay the full amount of the filing fee.  Instead, it entitles him

---

[1]     Plaintiff will be required to submit a complete Application to
Proceed Without Prepayment of Fees with affidavit in this case, and forms will
be provided.  He must write the case number of this case on the first page of all
pleadings or motions he submits for filing in this case.  He may not write more
than one case number on any pleading submitted by him or submit a single pleading
for filing in more than one case.

to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[2] He is obligated to pay the $350.00 fee for each civil case that he files in this court.

Plaintiff has submitted an Inmate Account Statement as statutorily mandated (Doc. 2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account over that period was $44.57, and the average monthly balance was $14.43. The court therefore assesses an initial partial filing fee in this case of $8.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit a complete motion and the initial fee in the time allotted may result in dismissal of this action without further notice.

## SCREENING

Because Mr. Harvey is a prisoner, the court is required by

---

[2]    Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect, in connection with each action he files, twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

statute to screen his complaint and to dismiss the complaint or any
portion thereof that is frivolous, fails to state a claim on which
relief may be granted, or seeks relief from a defendant immune from
such relief.   28 U.S.C. § 1915A(a) and (b).   Having screened all
materials filed, the court finds the complaint is subject to being
dismissed for the following reasons.


**FAILURE TO ADEQUATELY STATE CLAIMS AND SUPPORTING FACTS**

       In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and
Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the United
States Supreme Court held that a complaint must contain sufficient
factual matter, accepted as true, to "state a claim to relief that
is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Bell,
550 U.S. at 570).   "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Id.   A court liberally construes a pro se
complaint and applies "less stringent standards than formal
pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94
(2007).   Nevertheless, a pro se litigant's "conclusory allegations
without supporting factual averments are insufficient to state a
claim upon which relief can be based." Hall v. Bellmon, 935 F.2d
1106, 1110 (10th Cir. 1991).   The court "will not supply additional
factual allegations to round out a plaintiff's complaint or
construct a legal theory on a plaintiff's behalf." Whitney v. New
Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).   The court accepts

3

all well-pleaded allegations in the complaint as true. <u>See</u> <u>Anderson v. Blake</u>, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. <u>Twombly</u>, 550 U.S. at 558. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe</u> <u>County Justice Center</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff has not properly utilized the court-provided complaint forms to set forth his claims. He inserts many papers inside his complaint including narratives he wrote to "Det Ramsey" and numerous first-level prison administrative grievances, but does not explain how they relate to his claims.

Three counts are specified in the complaint. Plaintiff does not indicate which factual allegations of the many in his attachments are offered to support each count. His attachments contain many allegations that do not appear relevant to any of his three counts. Thus, it is very difficult to discern what constitutional claims Mr. Harvey asserts and what facts he believes support each of those claims.

The factual basis for this complaint appears from plaintiff's complaint and attachments to be as follows. On December 27, 2009, defendant Deputy Johnson was escorting Mr.

Harvey at the jail when Harvey "slightly glanced and slightly turned" toward Deputy Johnson.  At that time, in front of the security camera, Johnson threatened to kick plaintiff's ass while holding a weapon in his hand.[3]

On January 6, 2010, defendant Detective Ramsey and another official of Butler County Jail conducted a recorded interview after having viewed the video tape of the incident.  Defendant Ramsey stated that Johnson had a flashlight in his hand and not a weapon.  Ramsey did not follow up on plaintiff's complaints of reprisals by Sgt. Maloney.

On January 10, 2010, another inmate told plaintiff that Deputy Johnson had offered him "payment of commissary" to kick plaintiff's ass in front of Deputy White.  On January 19, 2010, Deputy Snapp was informed about Johnson's offer to the other inmate.  On January 24, 2010, Deputy Lewis was informed about the offer, and that plaintiff wanted to report it to a particular police officer.

Plaintiff requested several Form 9 forms, which were not immediately provided, but his own allegations indicate forms were provided within hours.  Maloney told plaintiff on January 21, 2010, that his "form 9 privileges" had been suspended for filing

---

[3]     In his attached Form 9 grievance on this incident, plaintiff stated that Deputy Johnson had threatened him "and then arm(ed) his left hand with a fist pack seen through reflection in windows."  In his attached narrative plaintiff wrote that Johnson had said he would kick plaintiff's ass "if (plaintiff) turned around again."  He sought to have Johnson charged with criminal threat, and in a later Form 9 with aggravated assault.  Plaintiff also believes that Johnson should not have been allowed to work near him while this incident was being investigated, and requested an "order of protection" against Johnson.

frivolous grievances but plaintiff had been told it was for filing
too many grievances.  Plaintiff was on one occasion denied notary
services by defendant Maloney.  Plaintiff was also denied time in
the law library on one occasion after a confrontation with Sgt.
Maloney.  Plaintiff's allegations in his attachments indicate that
he maintained a daily written narrative, apparently as to many or
all matters that concerned him within the jail, and transmitted it
to a jail official of his choice.  He was not provided copies of
these narratives and was forced to hand-copy them.  He was warned
that this form of communication was inappropriate, indicated that
he was improperly acquiring paper beyond the indigent allotment,
and might result in disciplinary action.  He was also notified that
if he continued to send this narrative to jail officials, rather
than mailing it out, it could be discarded by the recipient.

As Count I of this complaint, plaintiff asserts aggravated
criminal threat by defendant Johnson.  Plaintiff alleges in support
that the incident was reported, "the video was viewed, and it was
determined that what was in Deputy Johnson('s) left hand was a
flashlight."  As Count II, plaintiff asserts wrongful condition of
incarceration hindering of investigation.  In support, he alleges
that Johnson was not charged or suspended from his position, was
not made to stay away from plaintiff pending the investigation,
that plaintiff was not notified "about the situation," and that
plaintiff was instead punished by being disallowed Form 9
privileges and indigent services he used to alert the Butler County
Administration of the actions of staff members.  As Count III,

plaintiff asserts "harming me for hire."  In support, he alleges that others reported to Deputy Snapp and Deputy Lewis that defendant Johnson had sought to have him harmed by another inmate. He cites his "daily irtinerary (sic)."

In plaintiff's Request for Relief, he asks that "those in violation of these crimes be held accountable as I would be . . . for committing the same crimes."


**PERSONAL PARTICIPATION OF NAMED DEFENDANTS**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants").  As the U.S. Supreme Court recently reiterated in <u>Iqbal</u>, 129 S.Ct. at 1948:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. (citations omitted).  Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

<u>Id.</u>

7

Mr. Harvey fails to adequately plead facts showing that each and every (jail official) named as defendant, "through [his] own individual actions, has violated the Constitution," which is a requirement under <u>Iqbal</u>. <u>Williams v. Sirmon</u>, 350 Fed.Appx. 294, 299 (10th Cir. 2009)(unpublished)(citing <u>see</u> <u>id.</u> at 1948). Facts showing the personal participation of each defendant in a federal constitutional deprivation is a necessary element of a civil rights claim under 42 U.S.C. § 1983.

In the caption, Mr. Harvey names only two defendants: "Deputy Johnson-BCDF" and "Det. Ramsey, Sheriff-Butler County." He lists 8 additional defendants who are also employees of the Butler County Jail. Even liberally construed, Mr. Harvey's allegations fail to meet the standards for bringing a civil rights complaint in federal court. First, Mr. Harvey fails to adequately "plead that each Government-official defendant, through [his or her] own individual actions, has violated the Constitution," which is a requirement under <u>Iqbal</u>. <u>Williams v. Sirmon</u>, 350 Fed.Appx. 294, 299 (10th Cir. 2009)(unpublished)(citing <u>see</u> <u>id.</u> at 1948). Facts showing the personal participation of each defendant in the alleged constitutional deprivation(s) is a necessary element of a civil rights claim under 42 U.S.C. § 1983.

Plaintiff describes no acts whatsoever by defendants Sgt. White or Cpt. Clemons. Nor does he describe any acts by defendants Lt. Langley, Dep. Snapp, Dep. Lewis, and Dep. Schellenger that were unconstitutional. The only defendants whose acts he sufficiently describes and asserts or implies they were unlawful are Dep.

Johnson, Det. Ramsey, and Sgt. Maloney.

Plaintiff's claims against all defendants, except Johnson, Ramsey, and Maloney are thus subject to dismissal for failure to allege facts showing personal participation in unconstitutional acts.[4]


**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege denial of medical treatment or some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Exhaustion in cases covered by § 1997e(a) is not within the court's discretion, but is mandatory. "[E]xhaustion requirements are designed to . . . give the agency a fair and full opportunity to adjudicate their claims." <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Full and proper exhaustion of administrative remedies is required, and entails utilizing "all steps that the agency makes available, and doing so *properly* (so that the agency addresses the issues on the merits)." <u>Id.</u> at 90.

---

[4]     Plaintiff's claims against Johnson, Ramsey, and Maloney are subject to dismissal for other reasons discussed hereinafter.

The grievance procedure for Kansas state prisoners is established in administrative regulations. See KS ADC §§ 44-15-101 et seq. Section 44-15-101(b) provides that before utilizing the grievance procedure, the inmate must attempt "to reach an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis" by contacting unit team members. Section 44-15-101(d) sets forth a three-level process which requires a prisoner to "first submit the grievance report form to an appropriate unit team member." KS ADC 44-15-101(d)(1). If the prisoner is not satisfied after step one, he "shall then submit grievance report form to the warden of the facility." KS ADC 44-15-101(d)(2). Finally, if "not resolved, the grievance may be next submitted to the office of the secretary of corrections. KS ADC 44-15-101(d)(3). The procedure to follow at each step is fully set out in KS ADC 44-15-102. "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007). Unexhausted claims must be dismissed. Jones v. Bock, 549 U.S. 199, 223-24 (2007).

The failure to exhaust administrative remedies is an affirmative defense. Jones, 549 U.S. at 203. This means that a prison inmate is not required "to allege and demonstrate exhaustion in his complaint." Id. Consequently, the question of exhaustion generally does not arise until it is raised by a defendant. In response to the question on his form complaint as whether or not he sought administrative relief, plaintiff marked yes. However, his

10

explanation of how he sought such relief does not show that he followed the steps in the prison administrative grievance process. Mr. Harvey is cautioned that if in fact he did not exhaust all the available prison administrative remedies in an orderly manner on each of his claims before filing this lawsuit, even if this action survives screening, it is likely to eventually be dismissed upon motion of defendants.

**FAILURE TO STATE A CLAIM**

Mr. Harvey's complaint is also subject to being dismissed for failure to state a federal constitutional claim. "To state a claim under (42 U.S.C. §) 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).

At the outset the court finds that plaintiff is not entitled to the only relief he seeks in his complaint. As noted, he seeks only for "those in violation" to be held accountable for their alleged crimes. The prosecution of a state actor for crimes like criminal threat, as defined by state or federal law, is not a form of relief available through a § 1983 complaint filed in federal court. The decision to initiate a criminal prosecution is generally within the discretion of state or federal prosecutors.

In addition, the factual allegations made by plaintiff,

accepted as true, utterly fail to state a federal constitutional claim. Federal courts are courts of limited jurisdiction. Mr. Harvey has no cause of action in federal court unless he alleges facts that evince the violation of a right secured by the Constitution or laws of the United States. He does not assert that a particular federal constitutional right was violated by the alleged acts of each defendant. Instead, he complains of a criminal threat, obstruction of an investigation and justice, and an alleged "harm for hire." The court has neither an obligation nor the authority to construct a legal theory on plaintiff's behalf.

Nevertheless, the court has considered whether or not plaintiff's allegations regarding defendant Johnson might be very liberally construed as stating a claim of excessive force under the Eight Amendment's cruel and unusual punishment clause. With regard to the actions of defendant Johnson while escorting plaintiff on December 27, 2009, a verbal threat by a guard does not rise to the level of a federal constitutional violation. Moreover, even assuming that Deputy Johnson had what plaintiff described only as a "fist pack" concealed in his hand at his side, these facts are clearly not sufficient to state a claim of excessive force. As to plaintiff's allegations regarding the investigation of this incident with Johnson, no claim is stated by the facts, accepted as true, that Johnson was not charged, suspended, or required to stay away from plaintiff. Plaintiff's own allegations indicate that the investigation resulted in the finding that the item held by Johnson

was a flashlight.   Moreover, there is no federal constitutional right to have a jail employee separated from an inmate whenever an inmate makes an accusation.   Nor is an inmate entitled to be made aware of administrative action taken against a jail employee for misconduct.

The court has considered whether plaintiff's allegations of having his "form 9 privileges" suspended, and of being denied forms, notary service, copies of his itinerary, and law library time might be very liberally construed as stating the constitutional claim of denial of access to the courts.   It is well-established that a prison inmate has a constitutional right of access to the courts.   However, to state a claim of denial of this right, the inmate must allege "actual injury." <u>Lewis v. Casey</u>, 518 U.S. 343, 348, 350 (1996).   He may do so by describing actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim was dismissed by a court, frustrated or impeded.   <u>Id</u>. at 350, 353.   Mr. Harvey alleges no facts to establish that he suffered any actual injury to his access to any court action as a result of these allegations.   The incidents he describes are isolated and of unspecified duration.   He does not show that notarization of the particular documents in question was required.   In addition, in several recent cases he has submitted to this court numerous copies of form 9 grievances that were written by him.   Thus, his filings contradict any suggestion that he has been denied access by being denied forms.

13

Plaintiff's allegations that might be read as a claim of retaliation are conclusory and thus insufficient to state a claim. An "inmate claiming retaliation must 'allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.'" Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). A retaliation claim fails where, as here, the inmate presents "no evidence that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions." Id. Plaintiff's allegations indicate that he was given legitimate reasons for the alleged denials. A prison inmate has no federal constitutional right of unimpeded access to a prison grievance process, particularly when he has been found to have abused the process by either filing too many grievances or ones that are wholly frivolous. He does not allege facts showing that the challenged denials would not have occurred but for a retaliatory motive on the part of defendant Maloney or any other defendant.

The court has carefully considered plaintiff's allegations that another inmate informed him, and he and other inmates in turn informed defendants Snapp and Lewis, that defendant Deputy Johnson had asked another inmate to "kick (Harvey's) ass" in exchange for commissary. Such behavior on the part of a jail employee, if proven, would be clearly unprofessional and improper and might even be the basis for some sort of administrative relief or tort remedy in state court. However, plaintiff has not alleged sufficient facts to show that these allegations arise to a plausible Eighth

Amendment violation.  He alleges no facts indicating that any defendant failed to provide him with adequate protection from violence at the hands of another inmate.  His bald allegation that defendant Johnson attempted to "hire" another inmate to harm him is supported with nothing other than his own hearsay statements.  Even if plaintiff's allegations indicated that he has plausible, admissible evidence of such acts on the part of Johnson, he does not allege that he suffered injury or seek relief for an injury.[5] He does not allege that he suffered any physical injury whatsoever as a result of Johnson's alleged offer.[6]  See 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").  He is no longer confined at the Butler County Jail, and can make no allegation that he remains in danger of physical harm as a result of this alleged incident. As previously noted, the only relief he seeks, for defendant Johnson to be punished for a crime, is not available under § 1983.

Plaintiff's other claims, if any, are likewise either not supported by sufficient factual allegations and are thus

---

[5]    A claim of negligent conduct must be brought in state, rather than federal, court and is not a basis for claiming cruel and unusual punishment under the Eighth Amendment.

[6]    See Purkey v. Green, 28 Fed.Appx. 736, 745 (10th Cir. 2001) (unpublished)("[A]n idle threat of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim . . . .")(citation and quotations omitted).  This is not a case in which plaintiff was labeled a snitch or child molester, and plaintiff has alleged no facts showing that serious physical harm was imminent.

conclusory, or they simply fail to state a federal constitutional claim.

The court concludes for the foregoing reasons that this complaint is subject to being dismissed for failure to state a claim and as frivolous. Plaintiff will be given time to show cause why this action should not be dismissed for the reasons stated in this Memorandum and Order. He is forewarned that if he fails to show sufficient cause within the time allotted, this action may be dismissed without further notice.

The court further finds that if plaintiff fails to show sufficient cause, this action should be treated as a strike pursuant to 28 U.S.C. § 1915(g).[7]

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit a properly completed Application to Proceed Without Prepayment of Fees upon court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must submit to the court an initial partial

---

[7]     Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. If plaintiff acquires two more strikes, he will be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999). Plaintiff has recently filed other cases that are also subject to being dismissed for failure to state a claim and that might also eventually count as strikes.

filing fee of $ 8.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for failure to state a federal constitutional claim and as frivolous.

The clerk is directed to send plaintiff IFP forms.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge